
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM CRAMER, an individual,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California and HUMANE SOCIETY OF THE UNITED STATES,<br><br>Defendants - Appellees. | No. 12-56861<br><br>D.C. No. 2:12-cv-03130-JFW-JEM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 2, 2015**
Pasadena, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

Appellant William Cramer appeals the district court's dismissal of his

complaint, which challenged the constitutionality of Proposition 2, the Prevention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Farm Animal Cruelty Act, which went into effect on January 1, 2015.  We review Rule 12(b)(6) dismissals and void for vagueness claims de novo.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *United States v. Cooper*, 173 F.3d 1192, 1202 (9th Cir. 1999).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For a statute to survive a vagueness challenge, it must "give [a] person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."  *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  Additionally, the law "must provide explicit standards for those who apply them," to prevent "arbitrary and discriminatory enforcement."  *Id.*  Cramer's complaint does not allege facts sufficient to state a claim that Proposition 2 is flawed in such a manner.  *See Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir. 2014).  Proposition 2 does give people of "ordinary intelligence" a "reasonable opportunity" to understand its requirements.  It says that "a person shall not tether or confine" chickens in a manner that prevents them from either "fully spreading both wings without touching the side of an enclosure or other egg-laying hens" or "turning in a complete circle without any impediment, including a tether, and without touching the side of an enclosure."  Cal. Health & Safety Code §§ 25990–25991.  Thus, any person confining his or her chickens in a

manner where the chickens would not be capable of such actions, is in violation of Proposition 2.

Cramer argues that because Proposition 2 does not specify minimum cage sizes for egg-laying hens, no one can be certain what sizes do or do not violate the statute. He is incorrect. All Proposition 2 requires is that each chicken be able to extend its limbs fully and turn around freely. This can be readily discerned using objective criteria. Because hens have a wing span and a turning radius that can be observed and measured, a person of reasonable intelligence can determine the dimensions of an appropriate confinement that will comply with Proposition 2. While it may have been preferable for Proposition 2 to state that an enclosure for egg-laying hens must provide a specified minimum amount of space per bird, the Due Process Clause does not demand "perfect clarity" or "precise guidance." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 19 (2010) (internal quotation marks and citation omitted).

**AFFIRMED.**